USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-16-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL SMALL,

      Plaintiff,

  - against -

CITY OF NEW YORK, et al.,

      Defendants.

OPINION & ORDER

09 Civ. 1912 (DAB) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* Plaintiff Samuel Small filed this action on March 3, 2009, against the City of New York, New York City Department of Corrections, Warden Bailey, and fourteen "John Doe's," ("Defendants") pursuant to 42 U.S.C. § 1983. On March 26, 2009, Small filed his first amended complaint, and on April 27, 2009, he filed his second amended complaint. Before the Court is Small's motion for leave to file a third amended complaint to name new Defendants pursuant to Rules 15(a) & (c) of the Federal Rules of Civil Procedure. The undersigned had a telephone conference on July 26, 2010, to consider the issue of Small's new amended complaint. For the reasons that follow, Small's motion is **DENIED**.

## II. BACKGROUND

Small's claims arise from three events which occurred at Rikers Island, G.M.D.C. He claims that on October 14, 2006, he was cut with a razor by other inmates. (*See* Small's Motion for a Third Amended Complaint ("Small's Mot.").) On October 15, 2006, he asserts that he was "jumped by Blood gang members." (*Id.*) Finally, he contends that on March 9, 2009, he was cut with a razor on his face and jumped by Blood gang members. (*Id.*) In his motion to amend his

complaint, Small identifies ten of the fourteen "John Doe's" named in his original Complaint. (*Id.*) He asserts that he received the names from Defendants when they answered his interrogatories. (*See* Small's Reply to Defendants' Response to Small's Motion ("Small's Reply").)

Defendants contend that the Third Amended Complaint is futile because Small's 2006 claims are time-barred since they accrued in October 2009. (*See* Defendants' Response to Small's Mot. ("Defts' Resp.") at 2-3.) Small's claims concern three events, alleged to have taken place on October 15, 2006, October 16, 2006, and March 9, 2009. In New York, the statute of limitations for claims brought pursuant to § 1983 is three years from the accrual of the plaintiff's claim. *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001). Defendants argue that since the newly named Defendants are only named in documents relating to the 2006 offenses, their addition to the Complaint is time-barred. (*Id.*) Defendants further contend that if an action is time-barred, it must then relate back to the date the original Complaint was filed. (*Id.*) An amendment relates back to the date of the original pleading when the amendment changes the naming of the party, only if the party to be brought into the amendment (1) has received such notice of the institution of the action that a party will not be prejudiced, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Fed. R. Civ. P. 15(c). Finally, Defendants assert that the Third Amended Complaint is futile because it fails to attribute any conduct to the individually named defendants. (Defts' Resp. at 2-4.)

## III. DISCUSSION

### A. Legal Standard

Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend may be denied "where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." *Satcom Intern. Group PLC v. ORBCOMM Intern. Partners, L.P.*, No. 98 Civ. 9095 (DLC), 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000). "The burden to explain a delay is on the party that seeks leave to amend." *Id.* The Court considers many factors when determining prejudice, including but not limited to, "whether opposing counsel would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay the resolution of the dispute." *See Lacher v. C.I.R.*, 32 Fed. Appx. 600, 603, 2002 WL 480576 at *3.

The newly named Defendants' alleged actions are time-barred. They are only mentioned in 2006 documents, and Small indicated in the July 26, 2010 telephonic conference that the newly named Defendants concerned the 2006 incidents. There are no facts, and Small has produced none, that the newly named Defendants were involved in the 2009 incident, which is

3

not time-barred. As such, the 2006 incidents are time-barred, and the allegations against the newly named Defendants are time-barred as well since they only concern the 2006 incidents.

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." FED. R. CIV. P. 15(c)(1)(B); *Spencer Trask Software &b Information Services LLC v. RPost Intern. Ltd.*, No. 02 Civ. 1276 (PKL), 2008 WL 2156343 at *4 (S.D.N.Y. May, 22, 2008). Generally, a new legal theory premised on the same set of facts relates back to the original pleading. *See Maccharulo v. Gould*, No. 08 Civ. 301 (LTS)(THK), 2009 WL 2495780 at *4 (S.D.N.Y. Aug. 14, 2009). Additionally, an amendment relates back when it "changes the party or the naming of the party" within 120 days and the party received "notice of the action," and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C). The "relation back [doctrine] under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S.p.A.* __ U.S. __, 130 S.Ct. 2485, 2490 (June 7, 2010).

Small has explained that his delay in filing his Third Amended Complaint was due in large part to lost property and disruptions to his legal mail service while incarcerated. (Small's Reply.) The Court finds this explanation adequate to show that Small engaged in no undue delay or bad faith when he moved to file a Third Amended Complaint. However, Small has been presented with the opportunity to provide more facts about the statute of limitations, and the relation of the claims to the newly named Defendants. He has failed to provide the Court with any such facts or allegations. Although the Court does not ascertain any resulting prejudice

4

which could ensue from allowing Small's motion to amend his Complaint, the statute of limitations has been raised and the Court therefore finds that any amendment would be futile because the claims against the newly-named Defendants are time-barred. Accordingly, Small's motion is **DENIED.**

## IV. CONCLUSION

Based on the foregoing, Small's motion for leave to file a Third Amended Complaint is **DENIED.**

SO ORDERED this 16 day of August 2010
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge