UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL SMALL, | : |
| Plaintiff, | : |
| | : OPINION & ORDER |
| - against - | : 09 Civ. 1912 (DAB) (RLE) |
| CITY OF NEW YORK, et al., | : |
| Defendants. | : |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* Plaintiff Samuel Small filed this action on March 3, 2009, against the City of New York, the New York City Department of Corrections, Warden Bailey, and fourteen "John Doe's," ("Defendants") pursuant to 42 U.S.C. § 1983. On March 26, 2009, Small filed his first amended complaint, and on April 27, 2009, he filed his second amended complaint. On May 24, 2009, Small moved for leave to file a third amended complaint to name new Defendants pursuant to Rules 15(a) & (c) of the Federal Rules of Civil Procedure. Following a telephone conference on July 26, 2010, this Court denied Small's motion to amend. Before the Court now is Small's motion for reconsideration of that decision. For the reasons that follow, Small's motion is **GRANTED**.

## II. BACKGROUND

Small's claims arise from three events which occurred at Rikers Island. He claims that on October 14, 2006, he was cut with a razor by other inmates. (*See* Small's Motion for a Third Amended Complaint.) He also asserts that he was "jumped by Blood gang members" on October 15, 2006. (*Id.*) Finally, he contends that on March 9, 2009, he was cut with a razor on

his face and jumped by Blood gang members. (*Id.*) In his motion to amend, Small identifies ten of the fourteen "John Doe's" named in his original Complaint. (*Id.*) He asserts that he received the names from Defendants when they answered his interrogatories. (*See* Small's Reply to Defendants' Response to Small's Motion.)

### III. DISCUSSION

**A. Legal Standard**

The standard for a motion for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure 59(e) is a strict one. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The moving party must be able to "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. A motion for reconsideration "is not a substitute for appeal," *Morales v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y.1998), and is generally only granted on three grounds: "(1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). On a motion for reconsideration, however, "[a] pro se party's supporting papers are to be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Davidson v. Scully,* 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

**B. The Merits of Small's Motion**

In deciding Small's motion to amend, this Court held that Small's claims were time-barred, finding that all of the Defendants that Small wished to name were implicated only in the 2006 incident. In his motion for reconsideration, Small draws the Court's attention to a fact that

was overlooked. The exhibits incorporated into his motion to amend show that four of the corrections officers that Small wishes to add as Defendants - Officer Villacis, Officer Simon, Officer Feinstein, and Captain Kelly - were present for the 2009 incident. As a result, the Court was wrong to find that Small was time-barred from adding these Defendants.

Defendants argue that even if Small was not time-barred, he should be barred from amending his claim because his pleadings do not show a violation of his rights by these individuals. "Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties." *Fed. Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A careful reading of Small's proposed amendment reveals that he is asserting that the corrections officers listed were negligent in failing to properly supervise the areas they were guarding, so that his attackers had the opportunity to harm him. (*See* Mot. to Amend at 7 ("the day room officer was out side the cell block hallway talking to the block officer...when the day room officer walked out of sight of the day room a Blood gang member walked over to me").) Given the liberal manner in which federal courts are to construe *pro se* pleadings, these allegations are adequate to give Defendants fair notice of the basis for Small's claims.

## IV. CONCLUSION

Based on the foregoing, Small's motion for reconsideration is **GRANTED** and his motion for leave to file a Third Amended Complaint is **GRANTED** as to the addition of Officers

3

Villacis, Simon, and Feinstein and Captain Kelly as Defendants. Small shall file his Third Amended Complaint by **January 31, 2011**. Discovery in this case is reopened until **March 4, 2011** for the limited purpose of conducting any necessary discovery related to these new Defendants.

SO ORDERED this 10th day of January 2011
New York, New York

                                                 The Honorable Ronald L. Ellis
                                                 United States Magistrate Judge