| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: |

SAMUEL SMALL,

                Plaintiff,

        v.

NEW YORK CITY DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

09-CV-1912 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    IT IS HEREBY ORDERED that no later than January 6, 2021, Defendants shall submit to the Court a supplemental letter and a revised exhibit list consistent with the below instructions:

    1. *Disciplinary Records*: With respect to Small's disciplinary offenses, which the Court indicated may have a proper purpose in this trial, Defendants shall provide to the Court the disciplinary records they seek to admit, together with any related medical records. Both the disciplinary records and the medical records should be presented as clearly identified, individual files. Further, in their supplemental letter, Defendants shall include the following information for each disciplinary infraction: (a) whether the record of the infraction was disclosed during discovery or in the joint pre-trial order, (b) whether Small suffered any physical or mental harm as a result of the incident described in the disciplinary record and (c) if so, whether a medical record exists that corroborates that the incident resulted in physical or mental harm.

    2. *Medical Records*: Defendants shall sub-divide by date the medical records they have produced (Exhibits C1–F1), and present to the Court only those medical records they believe they are likely to use in trial. For each medical record, Defendants shall identify in their supplemental letter (a) the date of the record, (b) what the record says, and (c) why the record is relevant. The Court requires a medical

record-by-medical record analysis, rather than a single statement about the admissibility of the medical records in general.

3. DOC Documents: The Court directs the parties to meet and confer, and work together to attempt to limit the number of DOC documents admitted into evidence. In their supplemental letter, Defendants shall identify (a) any remaining disputes regarding the admissibility of DOC documents, (b) which documents specifically are in dispute, and (c) why, from their perspective, each disputed record is relevant. The Court requires a document-by-document analysis, rather than a single statement about the admissibility of the documents in general. Defendant need not re-produce these documents at this time.

IT IS FURTHER ORDERED that Plaintiff's response to Defendants' supplemental letter, should he wish to submit one, shall be filed no later than January 13, 2021.

IT IS FURTHER ORDERED that no later than January 15, 2021, the parties submit the following to the Court: (1) any limiting instructions they seek the Court to provide to the jury, (2) their proposed voir dire questions and (3) a short summary of the case to be read to the jury.

IT IS FURTHER ORDERED that the parties reconvene for a hearing on the three remaining objections, identified above, on January 20, 2021 at 11:00 am. The hearing will be held using Skype for Business. The Court will send the parties instructions on how to access the video conference at a later date. Persons who are not participating in the hearing but who wish to listen in may do so by calling (888) 363-4749 and entering Access Code 1015508#.

SO ORDERED.

Dated:   December 23, 2020
         New York, New York

RONNIE ABRAMS
United States District Judge