UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL SMALL,

                Plaintiff,

      v.

NEW YORK CITY DEPARTMENT OF
CORRECTION, *et al.*,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

09-CV-1912 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    For the reasons stated on the record at the oral arguments held on November 20, 2020, *see* Dkt. 305, December 18, 2020, *see* Dkt. 314, and January 20, 2021, *see* Dkt. 327 ("Jan. Tr."), it is hereby ORDERED that:

1. Plaintiff's motion in limine to exclude evidence, testimony, reference, or suggestion of Mr. Small's criminal history is GRANTED.

2. Plaintiff's motion in limine to exclude evidence, testimony, reference, or suggestion of Mr. Small's disciplinary record and infractions history is GRANTED.

3. Plaintiff's motion in limine to exclude Defendants' exhibits to the extent that they have not been authenticated, and to transcribe all handwritten documents is DENIED as moot.

4. Plaintiff's motion in limine to exclude internal Department of Correction policies is DENIED.

5. Defendants' motion in limine to exclude the testimony of those witnesses not identified pursuant to Federal Rule of Civil Procedure 26(a) is DENIED. Defendants' specific objection to the testimony of Patrick Walsh is DENIED. Defendants' specific objections to the testimony of Angela Taglione, Frederick Gay, and Martin Horn are DENIED as moot.

6. Defendants' motion in limine to exclude documents from other civil lawsuits, newspaper articles, and press releases is GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's proposed exhibits 30, 35, 37, 38, 39, 41, 42, 43, 45, 46, 47, and 48 are ruled inadmissible. Plaintiff's proposed exhibits 33, 34, 36, 38, 40, 44, and 117 are ruled admissible. The objection to Plaintiff's proposed exhibits 32 and 49 is denied as moot, as Plaintiff no longer intends to admit these documents.

7. Defendants' motion in limine to exclude evidence of the conviction of Kirk Fisher is DENIED as moot.

8. Defendants' motion in limine to exclude Plaintiff's proposed exhibits 51 and 52 is GRANTED IN PART AND DENIED IN PART. The exhibits may be admitted so long as any data from the year 2010 or later is redacted.

9. Defendants' motion in limine to exclude evidence of disciplinary histories or prior allegations of misconduct regarding Captain Kelly, Officer Simon, and Officer Feinstein is DENIED as moot. The Court will defer ruling on Defendants' motion in limine to exclude evidence of disciplinary history or prior allegations of misconduct regarding Defendant Emmanuel Bailey until trial.

10. Defendants' motion in limine to preclude Plaintiff from referring to Defense Counsel as "City Attorneys" is DENIED and their motion to preclude Plaintiff from discussing indemnification is DENIED as moot.

11. Defendants' motion in limine to preclude Plaintiff from requesting a specific dollar amount from the jury is DENIED as moot.

12. Defendants' motion in limine seeking a declaration that their 56.1 statement is not a judicial admission is GRANTED.

13. Defendants' motion in limine to preclude in camera document review is DENIED as moot.

14. Defendants' motion in limine to dismiss with prejudice Plaintiff's supervisory liability and municipal liability claims is DENIED.

15. Defendants' motion in limine to bifurcate the trial is DENIED.

Upon consideration of prior argument and the parties' most recent joint submission, dated February 24, 2021, *see* Dkt. 331, IT IS FURTHER ORDERED that:

16. Plaintiff's motion in limine to exclude Mr. Small's medical records is GRANTED IN PART AND DENIED IN PART.

    a. Plaintiff's motion to exclude Defendants' proposed exhibits D6, F4, F11, and F13 is DENIED. Plaintiff asserts that these exhibits are "of limited probative value and may be confusing or prejudicial to the jury." *See* Dkt. 320 at 19. The Court disagrees. Because these medical records were made shortly after the assaults at issue in this case, they are relevant to damages. *See* Fed. R. Evid. 402. To the extent that any risk of prejudice or confusion exists, it does not substantially outweigh the probative value of these records. *See* Fed. R. Evid. 403.

    b. The Court will reserve ruling on Defendants' proposed exhibit D3 until trial.

    c. Plaintiff's motion to exclude Defendants' proposed exhibits C7, C14, C47, C54, and C56 is GRANTED. These medical records demonstrate that Plaintiff sustained injuries in other altercations. Yet none of the injuries documented in these records are of the same nature as the injuries Plaintiff complains of here. For example, Exhibit 56 reflects that Small sustained an injury to his wrist, while Exhibits C47 and C54 document a hand injury. Here, by contrast, Plaintiff is suing for damages resulting from injuries to his head and face. *See* Dkt. 66 at 5. Therefore, unless Defendants can establish that the injuries documented in these records are in fact of the same nature as the injuries he complains of here, they are irrelevant to his claim for damages and thus inadmissible.

3

*See* Fed. R. Evid. 402.  Furthermore, to the extent that these records are offered to demonstrate a propensity to engage in fights, they constitute inadmissible character evidence.  *See* Fed. R. Evid. 404.

d. Plaintiff's motion to exclude Defendants' proposed exhibits C10, C11, C17, C18, C40, C41, C42, and C45 is DENIED.  The injuries documented in these records are of the same nature as the injuries Plaintiff complains of here and are thus relevant to Plaintiff's claim for damages.  *See Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (admitting past medical records that demonstrated a possible alternative cause of the plaintiff's injuries).  To the extent that these exhibits present any risk of prejudice or confusion, that risk does not substantially outweigh the probative value of these records. *See* Fed. R. Evid. 403.  And because these records potentially show an alternative cause of Plaintiff's injuries, the purpose of the evidence is not to show bad character; rather, they are admissible under the Second Circuit's "inclusionary approach" to Federal Rule of Evidence 404(b).  *See United States v. Moron-Toala*, 726 F.3d 334, 345 (2d Cir. 2013).  The Court is, however, willing to consider possible redactions to these exhibits (such as reference to disciplinary actions that followed the incident) as well as a limiting instruction regarding the authorized purpose of this evidence.  *See infra*, ¶ 16(j).

e. Plaintiff's motion to exclude Defendants' proposed exhibits C2–4, C6, C12, C13, C19, C33–34, C38, and C48–51 is GRANTED.  These records demonstrate that on several occasions (for example, once in October 2007 and once in December 2008), Plaintiff refused medical evaluation and treatment when it was offered to him.  Defendants have represented that they seek to admit these records to show that Plaintiff's alleged long-term injuries (which resulted from assaults in 2006 and 2009) "either were not as bad as he says it is, or he didn't really have them."  *See* Jan. Tr. at 21:14–18.  Defendants'

4

reasoning seems to be that if Plaintiff were truly suffering long term health problems, he would be "concerned about those issues getting worse" and would accept medical attention when it was offered. *See id*. at 21:18–19. Yet Defendants concede that these records do not make clear the potential injuries or issues for which Plaintiff refused medical treatment. *See id*. at 21:7–9. For this reason, a jury would be unable to accurately determine the relevance—if any—of Plaintiff's refusal of medical treatment in these instances without improper speculation. *See id*. at 25:11–15. Accordingly, even if these documents have some probative value, that value is substantially outweighed by the likelihood that the jury would be confused or misled by this evidence. *See* Fed. R. Evid. 403.

f. Plaintiff's motion to exclude Defendants' proposed exhibits C5, C8, C9, C22, C52, C53, and C55 is GRANTED. For the reasons articulated at argument on January 20, 2021, *see* Jan. Tr. at 29:21–30:14, Plaintiff's use of pain medication for maladies unrelated to the assaults at issue here (including a toothache and sore throat) is not relevant to his claim for damages here. *See* Fed. R. Evid. 402. Even if these documents have some probative value, that value is substantially outweighed by the likelihood that the jury would be confused or misled by this evidence. *See* Fed. R. Evid. 403.

g. Plaintiff's motion to exclude Defendants' proposed exhibits C20, C27, C31, and C43 is DENIED, although Plaintiff's request to redact certain information will be granted in part. *See infra* ¶ 16(j). For the reasons articulated at argument on January 20, 2021, *see* Jan. Tr. at 34:3–7, to the extent that they discuss Plaintiff's diagnosed and/or self-reported ailments, these records are relevant to Plaintiff's claim for damages. Fed. R. Evid. 402. The Court is, however, willing to consider a limiting instruction regarding the purpose of this evidence. *See infra*, ¶ 16(j).

h. Plaintiff's motion to exclude Defendants' proposed exhibits C24, C28–31, C39, C57, F3, F17, and F27–29 is DENIED, although Plaintiff's request to redact certain information will be granted in part. *See infra* ¶ 16(j). These records are relevant to Plaintiff's claim for damages to the extent that they demonstrate a lack of diagnosis and/or self-report of symptoms that could reflect post-traumatic stress disorder ("PTSD"). *See* Fed. R. Evid. 402. To the extent that these exhibits present any risk of prejudice or confusion, that risk does not substantially outweigh the probative value of these records. *See* Fed. R. Evid. 403.

i. Plaintiff's motion to exclude Defendants' proposed exhibits C23, C25, C26, C32, C37, and C44 is GRANTED. As with the other records of psychiatric treatment, these records are relevant to Plaintiff's claim for damages to the extent that they demonstrate a lack of diagnosis and/or self-report of symptoms that could reflect PTSD. *See* Fed. R. Evid. 402. However, unlike the other records of psychiatric treatment, these records stem from a competency evaluation conducted on Plaintiff in relation to a criminal matter. *See* Dkt. 320 at 6–7. That Plaintiff's competency was previously subject to challenge may be highly prejudicial to the jury, who may improperly use this information to discount Plaintiff's credibility at trial. While Defendants could redact the portions of these records that mention Plaintiff's competency evaluation and admit the rest, the Court recognizes that doing so would leave many of these documents mostly redacted, which could lead the jury to improperly speculate about what is behind the redactions. Further, these records are largely cumulative; to the extent that they are being offered to show a lack of diagnosis and/or self-report of symptoms that could reflect PTSD, Defendants can make this same argument through their proposed exhibits C24, C28–31, C39, C57, F3, F17, and F27–29, which the Court has ruled admissible.

> For these reasons, the probative value of these exhibits is substantially outweighed by a danger of "unfair prejudice, . . . misleading the jury, . . . [and] needlessly presenting cumulative evidence." Fed. R. Evid. 403.
>
> j. For those medical records ruled admissible, the following information must be redacted before the exhibits are presented to the jury: (1) any reference to Plaintiff's 1992 gunshot wound, (2) any reference to Plaintiff's history of substance abuse, and (3) any reference to Plaintiff's criminal record or disciplinary record.[1]  This information is either irrelevant to the claims at issue here, *see* Fed. R. Evid. 402, or is substantially more prejudicial than probative. *See* Fed. R. Evid. 403.  Further, because Defendants have not articulated a basis for the relevance of Plaintiff's adjustment disorder diagnosis, any reference to this diagnosis must also be redacted.  If requested by either party, the Court is amenable to providing a limiting instruction regarding these redactions.  Moreover, if the parties think any limiting instructions beyond those mentioned here are necessary, they should propose those instructions to the Court.  All proposed limiting instructions shall be submitted via letter to the Court no later than April 16, 2021.

17. Defendants' motion in limine to exclude evidence of disciplinary histories or prior allegations of misconduct regarding Defendant Villacis is GRANTED.  Although narcotics convictions are "highly probative on the issue of a witness's credibility," *United States v. White*, 312 F.Supp.3d 355, 359 (E.D.N.Y. 2018), the age of this conviction lessens its probative value, *see United States v. Hayes*, 553 F.2d 824, 827–28 (2d Cir. 1977).  As was true with Plaintiff's criminal

---

[1] To be clear, the Court will not preclude Defendants from arguing that certain "concerns and stress" in Plaintiff's life may have been "a significant circumstance affecting his emotional and mental health." Dkt. 331 at 9.  However, Defendants may not refer explicitly to Plaintiff's "legal problems and criminal liability exposure" in making this argument. *See id*. The Court is prepared to further discuss the appropriate bounds of this cross-examination in advance of trial.

7

history, this evidence poses a substantial risk of prejudice. The Court concludes that this risk of prejudice substantially outweighs the probative value of this evidence, and so the evidence is inadmissible for any purpose including impeachment. *See* Fed. R. Evid. 609(a)(1)(A).

18. Defendants raised numerous objections for the first time in their February 24 submission to the Court. *See* Dkt. 331. To the extent that these objections are intended to constitute motions in limine, the Court denies them as untimely. *See Lupe v. Shinseki,* No. 10-CV-198 (MAD) (ATB), 2013 U.S. Dist. LEXIS 19690, 2013 WL 592669, *6 (N.D.N.Y. Feb. 14, 2013). This order, however, does not preclude Defendants from asserting any appropriate objections at trial.

\*   \*   \*

The Clerk of Court is respectfully directed to close the motions pending at docket entries 281 and 285.

SO ORDERED.

Dated:   March 29, 2021
         New York, New York

                                          _____
                                          RONNIE ABRAMS
                                          United States District Judge